Myrick, J., dissenting.
I dissent from the judgment and from the views of the majority of my associates, as to riparian rights, for two reasons:—■
1. I do not think that the adoption of the common law of England, by the act of the legislature of this state of April 13, 1850, was intended to or did establish a rule of decision as to the right of appropriation of water for irrigation. The land of the birth of the common law of England had no occasion to consider or act upon the necessity for irrigation, and appropriation was not within the scheme of its laws. The rights of riparian owners (whatever they were) had reference to the country and its needs, of which irrigation was not am essential part.
The point decided in St. Helena Water Company v. Forbes, 62 Cal. 182, had reference to the right of condemnation; no question as between riparian rights and the right of appropriation was considered or involved.
2. The plaintiffs in this case are not in position to claim an absolute right to the flow óf water over or through their lands.
The “Arkansas Act,” so called, was applied to this state by the act of Congress of September 28, 1850. That act, in substance, is as follows: To enable the state of California to construct the necessary levees and drains to reclaim the swamp and overflowed lands therein, the whole of those swamp and overflowed lands made unfit thereby for cultivation were granted to the state; the lands were to be listed; and on the issuance of a patent, the fee- *441 simple to said lands should vest in the state, subject to the disposal of the legislature; provided, the proceeds of said lands should be applied exclusively, so far as necessary, to the purpose of reclaiming said lands by means of levees and drains.
The only title of plaintiffs to the lands in question was acquired under the “ Arkansas Act,” and the acts of the legislature of this state passed in pursuance thereof. Therefore they cannot deny that the lands were either swamp-lands or overflowed lands, and were therefore unfit for cultivation; neither can they deny the right of the legislature, as owner or as the law-making power, to adopt such means, by levees or by drains, as might to it seem necessary or fitting to reclaim the lands. The lands were either swamp-lands (spongy land; low ground filled with water; soft, wet ground; marshy ground away from the sea-shore: Webster’s Diet.), or they were overflowed lands,—lands covered with water. The lands were granted to the state because they were, in a condition of nature, unfit for cultivation, and for the purpose of having them reclaimed. The state became proprietor, with the obligation on its part to adopt the necessary means to that end. This could be done either by levees or drains,—in any way to keep off or draw off the water. After the grant of Congress, and before the title of plaintiffs accrued, while the state owned the lands, the state, as proprietor, initiated a system of appropriation of water. The natural result of that system, applied to the waters of Kern River, would be to reduce the body of water flowing to the lands of plaintiffs, thus measurably accomplishing the object of the grant. It will not do to say that the plaintiffs acquired a right to the lands before the appropriation by defendant, and that by such acquisition the state lost control as “proprietor,” because by the terms of the grant the lands were to be reclaimed; the plaintiffs could obtain no right or title to the lands without such right or title *442 being subject to the power of the state to direct the method of reclamation.
The proposition that lands which, in a state of nature, were soft, spongy, overflowed, and in consequence thereof were unfit for cultivation, and were granted for the purpose of having the water kept off or drawn off, have attached to them the right to have all water flow to them which in the course of nature would flow, is,' in my opinion, with, I hope, proper respect for the views of those entertaining contrary opinions, not so clearly established as it ought to be in order to entitle plaintiffs to recover.
I agree with my associates that the court below erred in its ruling as to the evidence offered by plaintiffs in rebuttal; but if I am correct in the views above expressed, the error was immaterial.
The following is the dissenting opinion of Mr. Justice Ross, above referred to, rendered in Bank on the 27th of October, 1884.